UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEANN FERRARA,

    Plaintiff,

v.                                              Case No: 8:14-cv-2450-T-30AEP

LCS FINANCIAL SERVICES
CORPORATION,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 12) and Plaintiff's Response in Opposition (Dkt. 16). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff Roseann Ferrara brings this class action against Defendant LCS Financial Services Corporation ("LCS") under 47 U.S.C. § 227 *et seq.,* the Telephone Consumer Protection Act ("TCPA") and Fla. Stat. § 501.201 *et seq.,* the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

On or about September 19, 2012, Ferrara filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.  Ferrara's bankruptcy schedules listed JP Morgan Chase Bank, NA ("Chase") as a creditor of a

mortgage debt in the approximate amount of $120,000. On or about December 19, 2012, Ferrara's debts were discharged pursuant to a Discharge of Debtor issued by the Bankruptcy Court. Chase retained a lien on the property underlying the mortgage.

Ferrara alleges that despite the bankruptcy discharge, LCS sent her letters regarding her lien settlement options and called her cellular telephone numerous times using an automatic telephone dialing system ("ATDS"). Ferrara alleges that at all material times, LCS was not attempting to collect a debt, and as such, was not placing calls by a creditor or on behalf of a creditor in an attempt to collect the Debt. Ferrara alleges that these communications violated the TCPA and the FDUPTA. LCS now moves to dismiss Ferrara's claims.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(A)(iii), provides that "[i]t shall be unlawful for any person ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system ... to any telephone number assigned to a ... cellular telephone service." In order to prevail on a TCPA claim for a violation of 47 U.S.C. § 227(b)(1)(A)(iii), a plaintiff must show that the defendant: (1) made a call using an automatic telephone dialing system; (2) the call was not made for emergency purposes; (3) the call was made without the plaintiff's prior express consent; and (4) the call was made to a telephone number assigned to the plaintiff's cellular telephone service. *See e.g. Lee v. Gulf Coast Collection Bureau, Inc.*, No. 8:13-CV-2276-T-24, 2014 WL 6978760, at *2 (M.D. Fla. Dec. 10, 2014); *Wagner v. CLC Resorts & Developments, Inc.*, No. 6:14-CV-281-ORL-31GJ, 2014 WL 3809130, at *2 (M.D. Fla. Aug. 1, 2014).

LCS argues Ferrara's TCPA claims should be dismissed because Ferrara gave prior express consent. Prior express consent is an affirmative defense, not an element of a claim. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F.Supp.2d 1316, 1319 (S.D.Fla.2012) (stating that "the prior express consent exemption acts as an affirmative defense, and 'the burden will be on the creditor to show it obtained the necessary prior express consent.'"). An affirmative defense, may only be considered in resolving a motion to dismiss when "'the complaint affirmatively and clearly shows the conclusive applicability' of the defense to bar the action." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004) (citations omitted). Plaintiff need not "anticipate and negate any affirmative

3

defenses" defendant might raise.  *Beaudin v. Chase Home Fin. LLC*, No. 6:12-CV-1084-ORL-31, 2012 WL 4903317, at *2 (M.D. Fla. Oct. 16, 2012) (citing *Arroyo v. J.L Wilson Concrete, Inc.,* No. 6:08–cv–1944–ORL22DAB, 2008 WL 5381897 (M.D.Fla. Dec.23, 2008)).

The TCPA does not define "express consent".  However, the Eleventh Circuit has recently confirmed the Federal Communications Commission's ("FCC") authority to make rules and regulations necessary to carry out the TCPA.  *See Mais v. Gulf Coast Collection Bureau, Inc.,* 2014 WL 4802457, at *5 (11th Cir. Sept. 29, 2014).  In 2008, the FCC issued the following ruling regarding the prior express consent exception to TCPA liability:

> Although the TCPA generally prohibits autodialed calls to wireless phones, it also provides an exception for autodialed and prerecorded message calls ... made with the prior express consent of the called party.  Because we find that autodialed and prerecorded message calls to wireless numbers provided by the called party *in connection with an existing debt* are made with the "prior express consent" of the called party, we clarify that such calls are permissible.  We conclude that the provision of a cell phone number to a creditor, *e.g.,* as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

*In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2008 WL 65485, at *3 (F.C.C. Jan. 4, 2008) ("2008 FCC Ruling") (emphasis added) (footnotes omitted).

Ferrara argues that the calls made by LCS were not "in connection with an existing debt" but rather were telemarketing calls "marketing [] future lien resolution services in return for valuable consideration." (Complaint, ¶60).  Because the FCC's ruling defined express consent in the context of calls made "in connection with an existing debt" and

4

Ferrara clearly alleged that the calls were not debt collection calls, it is unclear whether LCS's affirmative defense of prior consent can operate to bar the action.  On this basis, the complaint's allegations prevents LCS's affirmative defense of prior express consent from conclusively applying to bar the action.  *See Jackson*, F.3d. at 1277.  Accordingly, viewing the facts in a light most favorable to the plaintiff, the Court concludes that Defendant's motion to dismiss should be denied as to Ferrara's TCPA claims in Counts I and II of the Complaint.  Further, as Ferrara has adequately stated a claims under the TCPA, her request for equitable relief under the TCPA as contained in Count IV of the Complaint also survives LCS's motion to dismiss.

LCS also challenges Ferrara's claims under FDUPTA.  FDUTPA is a Florida consumer protection statute designed to protect from unfair trade practices.  *See* § 501.202, Fla. Stat.  It creates a broad cause of action for "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."  *Id.* § 501.204(1).  In order to properly state a claim pursuant to FDUPTA, a plaintiff must allege a deceptive act or unfair practice, causation, and actual damages.  *Economakis v. Butler & Hosch, P.A.*, No. 2:13-CV-832-FTM-38DN, 2014 WL 820623, at *2 (M.D. Fla. Mar. 3, 2014) (citing *Scantland v. Jeffry Knight, Inc.,* No. 8:09–CV–1985–T–17TBM, 2010 WL 4117683, at *7 (M.D.Fla. Sept.29, 2010)).

The Complaint alleges that LCS's use of unlawful means to telemarket and solicit monies from Plaintiff constituted unfair, deceptive and unconscionable acts within the meaning of the FDUPTA.  Specifically, Ferrara alleges LCS's practices were likely to mislead a consumer into believing that she may be legally responsible for amounts no

longer due and owing on mortgage notes that have been discharged through bankruptcy proceedings. (Complaint, ¶90). The Complaint also generally alleges Plaintiff has been damaged. However, the Complaint does not contain any allegations regarding how LCS's statements were misleading, nor does it contain allegations of causation connecting LCS's actions to any alleged damages. Accordingly, Ferrara has not sufficiently plead all elements of a FDUPTA claim. Because Plaintiff has failed make out all elements of a claim under the FDUPTA, Count III of the Complaint must be dismissed.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 12) is GRANTED in part and DENIED in part as stated herein.

2. Count III is dismissed with prejudice.

3. The Motion is denied as to the dismissal of Counts I, II, and IV.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of January, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-cv-2450 mtd.docx