UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSEANN FERRARA, on behalf of herself and
all others similarly situated,

      Plaintiff,

vs.

Case No. 8:14-cv-02450-JSM-AEP

LCS FINANCIAL SERVICES
CORPORATION, a foreign for-profit
corporation,

      Defendant.
_____/

**DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS AS TO
ENTITLEMENT ONLY AND SUPPORTING MEMORANDUM OF LAW**

Defendant, LCS Financial Services Corporation ("LCS"), by and through its undersigned counsel and in accordance with the Federal Rules of Civil Procedure, hereby files this, its Motion for Attorneys' Fees and Costs as to Entitlement Only and Supporting Memorandum of Law as the prevailing party on Plaintiff's claims under Florida's Deceptive and Unfair Trade Practices Act and states as follows:

**BACKGROUND**

1. On or about September 29, 2014, Plaintiff instituted this action seeking recovery and injunctive relief under several theories of liability including two (2) counts under Part II of Chapter 501 of the Florida Statutes, otherwise known as Florida's Deceptive and Unfair Trade Practices Act (hereinafter "FDUTPA").

2. On or about November 19, 2014, Defendant responded to the Complaint by filing a Motion to Dismiss. The Motion to Dismiss sought dismissal of the entire Complaint and specifically attacked Plaintiff's ability to proceed under FDUTPA.

3.  Plaintiff fully briefed its opposition to the Motion and on January 7, 2015, this Court entered an Order granting Defendant's Motion to Dismiss Plaintiff's claims relating to FDUTPA with prejudice.

4.  Upon the granting of the Motion to Dismiss with prejudice, Defendant became the prevailing party on those claims and became entitled to attorneys' fees under Florida Statute Section 501.2105.

## LEGAL ANALYSIS

Section 501.2105 of the Florida Statutes governs attorneys' fee awards. Subsection (1) states:

> (1) In any civil litigation resulting from an act or practice involving a violation of this part, except as provided in subsection (5), the prevailing party, after judgment in the trial court and exhaustion of all appeals, if any, may receive his or her reasonable attorney's fees and costs from the nonprevailing party.
>
> (2) The attorney for the prevailing party shall submit a sworn affidavit of his or her time spent on the case and his or her costs incurred for all the motions, hearings, and appeals to the trial judge who presided over the civil case.
>
> (3) The trial judge may award the prevailing party the sum of reasonable costs incurred in the action plus a reasonable legal fee for the hours actually spent as sworn to in an affidavit.

Courts have awarded attorneys' fees in similar situation where a defendant prevails on a motion to dismiss making an award of attorneys' fees appropriate in this case. See <u>Big Tomato v. Tasty Concepts, Inc.</u>, 972 F. Supp. 662 (S.D. Fla. 1997)(holding defendant was the prevailing party by virtue of prevailing on a motion to dismiss, but deferring the award of attorneys' fees until the conclusion of the case). See also <u>MGB Homes, Inc. v. American Homes, Inc.</u>, 30 F. 3d 113 (11th Cir. 1994)(holding that a prevailing defendant in an action under Florida's Deceptive

and Unfair Trade Practices Act was entitled to attorneys' fees under the Act even though the act did not apply to the case in question).

Because Defendant obtained a dismissal with prejudice of Plaintiff's claims under FDUTPA, Defendant is the prevailing party pursuant to FDUTPA and is entitled to an award of attorneys' fees. Defendant recognizes that determining the amount of fees to be awarded should be deferred until the conclusion of the case.

WHEREFORE, Defendant respectfully requests that this Court enter an Order finding that it is entitled to recover its attorneys' fees and costs under Florida's Deceptive and Unfair Trade Practices Act in an amount to be determined at the conclusion of the case.

## RULE 3.01(g) CERTIFICATION

In accordance with Local Rule 3.01(g), the undersigned certifies that he conferred with Counsel for Plaintiff in a good faith attempt to resolve the issues raised by this Motion and Counsel for Plaintiff objects to the relief sought in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 6, 2015 the foregoing was electronically filed with the Clerk of Court using the ECF electronic filing system which electronically notifies the following:

>Ian R. Leavengood, Esq.
>ileavengood@leavenlaw.com
>J. Andrew Meyer, Esq.
>ameyer@leavenlaw.com
>Aaron M. Swift, Esq.
>aswift@leavenlaw.com
>Gordon T. Bannon, Esq.
>tbannon@leavenlaw.com
>Gregory H. Lercher, Esq.
>glercher@leavenlaw.com
>LeavenLaw
>3900 1st Street North, Suite 100
>St. Petersburg, FL  33703

>*s/Robert E. Sickles*
>Robert E. Sickles
>Florida Bar No. 167444
>rsickles@hinshawlaw.com
>John P. Gaset
>Florida Bar No. 98415
>jgaset@hinshawlaw.com
>**HINSHAW & CULBERTSON LLP**
>100 South Ashley Drive, Suite 500
>Tampa, FL 33602-5301
>Telephone: (813) 276-1662
>Facsimile: (813) 276-1956
>*Attorneys for Defendant*